UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X
GOTTLIEB, et al.,                    :    23 Civ. 08689 (LAP)
                                     :
               Plaintiffs,           :
                                     :         ORDER
-against-                            :
                                     :
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
               Defendant.            :
                                     :
----------------------------------------X

LORETTA A. PRESKA, Senior United States District Judge:

     Before the Court is Plaintiffs' "Motion-Objection to Judge
Loretta A. Preska's Selection to Preside Over Unrelated Case
23-CV-08689 (LAP) and to New York Jurisdiction." (Dkt. no. 45.)
Plaintiffs' papers primarily attack (1) the transfer of this action
from the Middle District of Florida to the Southern District of
New York, and (2) the assignment of this case to this Court as a
"related case" under the Rules for the Division of Business Among
District Judges.  Plaintiffs also seem to be moving to recuse this
Court.  For the reasons set forth below, the motion is DENIED.

     I.   Section 1404(a) Transfer

     As is evident from the docket sheet, this action was
transferred to this Court from the Middle District of Florida.
(Dkt. no. 41.)  The reasons for the transfer are set out at length
in the Report and Recommendation of Magistrate Judge Robert M.
Norway, dated Aug. 2, 2023, (dkt. no. 22), and the Order of

District Judge Paul G. Byron, dated Sept. 28, 2023, (dkt. no. 40).
To the extent that Plaintiffs are unhappy with the transfer, their
remedy is to request transfer back to the originating court.  See
SongByrd, Inc. v. Est. of Grossman, 206 F.3d 172, 177 (2d Cir.
2000) (holding that a retransfer motion is a prerequisite to appeal
in the transferee circuit).  Accordingly, the Court deems this
motion to be a request to transfer the action back to the Middle
District of Florida.

The Court has reviewed Plaintiffs' objections to the transfer
and finds them to be without merit.  The Court concurs with
Magistrate Judge Norway's findings and District Judge Byron's
conclusion that the case was appropriate for transfer to this
district.  Accordingly, that portion of the motion is DENIED.

II.  Assignment to This Court as a Related Case

As noted in the docket sheet on October 6, 2023, the Court
accepted this action as related to case no. 98-CV-2636 under the
Rules for the Division of Business Among District Judges.  As set
forth therein, "[t]hese rules are adopted for the internal
management of the case load of the court and shall not be deemed
to vest any rights in litigants or their attorneys . . . . "  Rules
for the Division of Business Among District Judges, Southern
District of New York at 1.  Thus, Plaintiffs have no right to
object to the assignment of the action to this Court, and that
portion of the motion is DENIED.

III.  <u>Recusal</u>

Plaintiffs also apparently request that the Court recuse itself because, according to Mr. Gottlieb, "during the last eight years, I have lost faith in [Judge Preska's] ability to protect my innocent wife and our profoundly disabled child who have never in their lifetime harmed a fly." (Dkt. no. 45 ¶ 44.)  He also states: "[b]ased upon the fact that the Court permitted this underserved [sic] punishment to continue unabated frightens me when our separate and independent Bivens action is transferred directly to Judge Preska's Court without the required relationship to 98-CV-2636 (LAP) which is judgment is [sic] void and where venue and jurisdiction do not exist." (<u>Id</u>. ¶ 46.)  A motion to recuse, however, may not be based on a court's prior rulings but only on some extra-judicial evidence of bias. <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994); <u>Oakley v. MSG Networks, Inc.</u>, 2023 WL 4374262, at *2 (S.D.N.Y. June 13, 2023).  Accordingly, that portion of the motion is DENIED.

IV.  <u>Other Items</u>

Although not denominated specifically in the title of Plaintiffs' motion, a large portion thereof is devoted to rearguing issues arising out of case no. 98-CV-2636, including the sale of the Aventura residence, (dkt. no. 45 ¶¶ 71-74), and relitigation of the prior contempt proceedings, (<u>id</u>. ¶¶ 55-70).  To the extent that Plaintiffs are dissatisfied with rulings in the prior case,

their remedy is an appeal, not filing a new action. Accordingly, Plaintiffs' request to relitigate prior rulings in case no. 98-CV-2636 is DENIED.

V.   Conclusion

For the reasons set forth above, Plaintiffs' "Motion-Objection to Judge Loretta A. Preska's Selection to Preside Over Unrelated Case 23-CV-08689 (LAP) and to New York Jurisdiction" (dkt. no. 45) is DENIED.

The Clerk of the Court shall mail a copy of this Order to Plaintiffs.


**SO ORDERED.**


Dated:     New York, New York
           December 6, 2023

_____
LORETTA A. PRESKA
Senior United States District Judge